**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4157**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

DAVONTA D. BROGDON, a/k/a ZONE, a/k/a TAY,

             Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00050-TSK-MJA-2)

Submitted:  April 29, 2026                                  Decided:  June 8, 2026

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  L. Richard Walker, First Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davonta Brogdon pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his motion to suppress approximately one pound of methamphetamine found under the driver's seat of a vehicle in which he was a passenger. For the reasons set out below, we affirm.

Brogdon makes two arguments on appeal. First, he argues that the police impermissibly stopped the vehicle. The district court determined that the officer who made the stop had reasonable suspicion to do so because the vehicle matched a be-on-the-lookout notice issued by the Harrison County Sheriff's Office linking the vehicle to a recent homicide. Having reviewed the record, we find no reversible error in that determination. *See United States v. Hensley*, 469 U.S. 221, 232 (1985) (holding that "if a flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion," an officer may rely on the flyer or bulletin to conduct a seizure).

Second, Brogdon argues that the district court erroneously concluded that he lacked Fourth Amendment standing to challenge the police's subsequent search of the vehicle. But even assuming that Brogdon had standing to challenge the search, his challenge fails. We agree with the district court that the police could search the vehicle because "the detection of [m]arijuana odor" gave them probable cause. J.A. 440; *see United States v. Palmer*, 820 F.3d 640, 650 (4th Cir. 2015) ("An officer's detection of marijuana odor is sufficient to establish such probable cause . . . ."). Brogdon does not argue otherwise.

2

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*